# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, *et al.*,[1]<br><br>Debtors.<br><br>ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al*.,<br><br>Plaintiff,<br><br>v.<br><br>SCHINDLER ELEVATOR CORPORATION,<br><br>Defendant. | Chapter 7<br><br>Case No.: 20-10553 (CTG)<br><br>(Jointly Administered)<br><br><br>Adv. Proc. No.: 22-50176-CTG<br><br><br><br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SCHINDLER ELEVATOR CORPORATION** |

Defendant, Schindler Elevator Corporation (hereinafter "Schindler"), by and through its attorneys, Snyder & Associates, P.A. answers the Complaint For Avoidance and Recovery Of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 (the "Complaint") filed by plaintiff, Alfred T. Giuliano, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al.* (hereinafter the "Plaintiff"), for the estates of the above-captioned debtors (the "Debtors"), as follows:

**AS TO "THE PARTIES"**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

1. Schindler is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as set forth in Paragraph 1 of the Complaint, and therefore denies them.

2. Schindler is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as set forth in Paragraph 1 of the Complaint, and therefore denies them.

3. Schindler admits the allegations set forth in Paragraph 3 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

4. Schindler admits the allegations contained in Paragraph 4 of the Complaint.

5. Schindler admits the allegations contained in Paragraph 5 of the Complaint that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). To the extent the adversary proceeding is determined to be non-core, Schindler does not consent to the entry of final orders and judgment by the Bankruptcy Court. Except as so stated, Schindler denies the allegations contained in Paragraph 5 of the Complaint.

6. Schindler avers that the allegations contained in Paragraph 6 of the Complaint are not directed at Schindler. To the extent the allegations as set for in Paragraph 6 are directed at Schindler, Schindler is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as set forth in Paragraph 6 of the Complaint, and therefore denies them.

7. Schindler admits the allegations contained in Paragraph 7 of the Complaint.

## AS TO "BASIS FOR RELIEF REQUESTED"

8. Schindler avers that the allegations as set forth in Paragraph 8 of the Complaint are not directed at Schindler. To the extent the allegations as set for in Paragraph 8 of the Complaint are directed at Schindler, Schindler is without knowledge or information sufficient to form a belief

as to the truth of Plaintiff's allegations as set forth in Paragraph 8, and therefore denies them.

## AS TO THE "FACTS"

9.  Schindler is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as set forth in Paragraph 9 of the Complaint, and therefore denies them.

10. Schindler avers that the document referenced in Paragraph 10 speaks for itself and other than to admit it transacted with Debtors concerning and relating to goods and/or services during the course of their relationship, Schindler is otherwise without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations as set forth in Paragraph 10 of the Complaint, and therefore denies them.

11. Schindler avers that the document referenced in Paragraph 11 speaks for itself as to its terms and other than to admit that it received payments during the Preference Period, Schindler is otherwise without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations as set forth in Paragraph 11 of the Complaint, and therefore denies them.

12. Schindler avers that the document referenced in Paragraph 12 speaks for itself as to its terms and other than to admit that it received the "Demand Letter" referenced in Paragraph 12, Schindler is otherwise without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations as set forth in Paragraph 12 of the Complaint, and therefore denies them.

## AS TO "FIRST CLAIM FOR RELIEF"
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

13. Schindler repeats and incorporates herein each response to the preceding paragraphs as if set forth at length herein.

14. Schindler avers that the document referenced in Paragraph 14 speaks for itself as to its terms. Schindler is otherwise without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as set forth in Paragraph 14 of the Complaint, and therefore denies them.

15. Schindler is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as set forth in Paragraph 15 of the Complaint, and therefore denies them.

16. The allegations contained in Paragraph 16 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, Schindler denies the allegations as set forth in Paragraph 16.

17. Schindler admits that it was a creditor of the Debtors at the time certain of the Transfers were made by virtue of supplying goods and/or services to Debtors. The remaining allegations contained in Paragraph 17 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, Schindler denies the allegations as set forth in Paragraph 17.

18. The allegations contained in Paragraph 18 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, Schindler admits that certain of the Transfers were made on account of an antecedent debt owed by the Debtors to Schindler and certain of the Transfers were not on account of an antecedent debt owed by the Debtors to Schindler and therefore are not subject to avoidance as preferences. Other than the foregoing, Schindler denies the remaining allegations as set forth in Paragraph 18.

19. Schindler is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as set forth in Paragraph 19 of the Complaint, and therefore denies

them.

20. Schindler is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as set forth in Paragraph 20 of the Complaint, and therefore denies them.

21. Schindler is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as set forth in Paragraph 21 of the Complaint, and therefore denies them.

22. The allegations contained in Paragraph 22 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, Schindler denies the allegations as set forth in Paragraph 22.

## AS TO "SECOND CLAIM FOR RELIEF"
**(For Recovery of Property – 11 U.S.C. § 550)**

23. Schindler repeats and incorporates herein each response to the preceding paragraphs as if set forth at length herein.

24. Schindler is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as set forth in Paragraph 24 of the Complaint, and therefore denies them.

25. The allegations contained in Paragraph 25 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, Schindler denies the allegations as set forth in Paragraph 25.

## GENERAL DENIAL

1. Schindler denies each and every allegation contained in the Complaint that is not hereinabove expressly admitted and Schindler further denies that Plaintiff is entitled to any relief or recovery whatsoever from Schindler in this action.

## AFFIRMATIVE DEFENSES

1. The Complaint should be dismissed as Plaintiff fails to state a claim upon which relief may be granted.

2. Upon information and belief, some or all of the alleged preferential transfers made to Schindler relate to invoices for routine preventative maintenance services paid in advance and were not made for or on account of an antecedent debt, and as such, are not avoidable pursuant to 11 U.S.C. §§ 547(b) of the Bankruptcy Code.

3. Upon information and belief, some or all of the alleged preferential transfers constituted contemporaneous exchanges for new value within the meaning of 11 U.S.C. § 547(c)(1) and therefore are insulated from avoidance as preferential transfers.

4. Upon information and belief, some or all of the alleged preferential transfers constituted ordinary course of business transfers within the meaning of 11 U.S.C. § 547(c)(2) and, therefore, are insulated from avoidance as preferential transfers.

5. Upon information and belief, some or all of the alleged preferential transfers were followed by new value within the meaning of 11 U.S.C. §547 (c)(4) and, therefore, are insulated from avoidance as preferential transfers.

6. Upon information and belief, the transferee(s) of the subject transfers took same for value and in good faith and gave value to the Debtors, within the meaning of 11 U.S.C. §548(c), so that any alleged fraudulent or preferential transfers are insulated from avoidance.

7. The Debtors received reasonably equivalent value and/or fair consideration in exchange for each of the transfers that the Complaint seeks to avoid.

8. Upon information and belief, some or all of the alleged preferential transfers alleged in the Complaint may not be avoided or recovered because each transfer was not on account of an antecedent debt or obligation.

9. Any payments received by Schindler during the ninety (90) day period preceding the commencement of the Debtors' Chapter 11 cases did not enable it to receive more than it would have received under a Chapter 7 case.

10. Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel.

11. Plaintiff's claims are barred, in whole or part, by the doctrine of laches.

12. Plaintiff's claims are barred, in whole or part, on the grounds of waiver.

WHEREFORE, Schindler requests that this case be dismissed with prejudice.

## RESERVATION OF RIGHTS

Schindler reserves the right to amend its Answer and/or Affirmative Defenses to assert additional defenses and/or supplement, alter, or otherwise amend this Answer upon revelation of more definite facts and/or completion of further discovery and investigation.

WHEREFORE, defendant, Schindler Elevator Corporation demands judgment against the Plaintiff, dismissing Schindler from this action with prejudice and for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,

**SNYDER & ASSOCIATES, P.A.**

*/s/ Bayard J. Snyder* _
Bayard J. Snyder, Esq. (DE Bar No. 175)
3801 Kennett Pike
Building C, Suite 201
Wilmington, Delaware 19807

                        Ph: (302) 657-8300
                        Email: Bjs1@Snyderlaw.Pro
                        *Attorneys for Defendant, Schindler Elevator Corporation*

Dated: August 22, 2022